**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES OF AMERICA,        )
                                 )    ***E-FILED - 1/18/13***
                   Plaintiff,    )
                                 )
          v.                     )
                                 )    No.  CR-09-00745-DLJ
                                 )
                                 )    **ORDER**
JIMMY LEE THORNTON, III,         )
                                 )
                   Defendant.    )
_____)

On March 7, 2011, Jimmy Lee Thornton III ("Thornton") filed, in *pro se,* a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  The government filed a response. Subsequently, defendant once again became represented by counsel.  Once that occurred, the Court requested additional briefing on the matter as well as an updated report from the Probation Office. Having now considered the papers submitted, and the applicable law, the Court hereby grants the motion.

I.    **Factual Background and Procedural History**

On July 22, 2009, the Grand Jury returned a one-count indictment charging Defendant with possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

On December 22, 2009, Defendant pleaded guilty to the one-count Indictment pursuant to a written Rule 11(c)(1)(C) plea agreement.  In the plea agreement, the parties set out the sentencing guidelines calculation.  Based on the count of conviction, and the amount of cocaine at issue (12.6 grams), the plea agreement states that defendant has an adjusted base offense

level (BOL) of 21, as the applicable amount of crack cocaine was between 5 to 20 grams.  His criminal history was to be determined from the information presented in the Presentence Report.

Based on the Presentence Report defendant is in a criminal history category of III.  The sentencing range associated with this base offense level (21) and criminal history category (III) was 46-57 months. Based on the offense of conviction and the amount of drugs involved, a mandatory minimum sentence of 5 years is required by the statute.  Defendant acknowledged in the plea agreement that his plea of guilty would result in a mandatory minimum sentence of 5 years and a statutory maximum of 40 years. (Plea Agreement at ¶ 1.)

In addition to setting out the mandatory minimum, the plea agreement set out a specific term of imprisonment that defendant agreed to recommend to the Court.  In this case, the government and the defendant agreed to recommend a term of imprisonment significantly in excess of the guideline BOL and the statutory minimum sentencing range.  The set term of imprisonment defendant agreed to was "a sentence of imprisonment of 96 months." (Id. at ¶ 8.)

The government concurred in the plea agreement that the 96 months sentence was reasonable and appropriate. The parties reached this specific sentence based on a negotiated agreement that the government would not file Defendant's prior felony drug offense

conviction, which, if filed, would have increased Defendant's statutory mandatory minimum sentence to 10 years. <u>See</u> 21 U.S.C. §§ 841(b)(1)(B)(iii), 851. The government also took into account in this negotiation Defendant's prior voluntary manslaughter felony conviction.

In the plea agreement, Defendant agreed to the following express waivers, among others:

> I agree to give up my right to appeal my convictions, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

> I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, **or motion under 18 U.S.C. § 3582**, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated. . . . . (Plea Agreement at ¶¶ 4 and 5.)(emphasis added).

In his sentencing memorandum, Defendant acknowledged that he agreed to a sentence of 96 months and that he was "bound by his [p]lea agreement" and that "he cannot request any deviation from the [p]lea agreement." (Def.'s Sent. Memo at p. 3.). The government also requested that the Court impose the agreed upon sentence.

On March 10, 2010, this Court sentenced Defendant in accordance with the parties' proffered Rule 11(c)(1)(C) plea agreement to 96 months of imprisonment, 5 years of supervised

3

release, and a $100 special assessment. (Judgment at pp. 2-3.)

Subsequently the applicable guideline BOLs for convictions on "crack" cocaine violations were lowered and the applicable re-sentencing guidelines were made retroactive as of November 1, 2011. Under the new law an amount of 12.6 grams of crack cocaine results in a BOL of 20 as the weight falls within a range of 11.2 to 16.8 grams. With a criminal history category of III, the resulting sentence range would be 30 to 37 months. Under the new law, however, as the underlying statute had not been changed, the mandatory minimum sentence remains at 60 months.

Thornton's motion for re-sentencing followed. While he originally filed the request for re-sentencing in *pro se*, subsequently counsel for defendant re-entered the case, a hearing was held, and the Court requested additional briefing on the matter, as well as an amended report from the Probation Office. The Probation Office's report determined that Thornton would be eligible for re-sentencing and recommended reducing his sentence to a term of imprisonment of 62 months with a term of supervised release of 5 years.

**II.   Legal Standard**

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been
> sentenced to a term of imprisonment based on a
> sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to
> 28 U.S.C. 994(o), upon motion of the defendant or
> the Director of the Bureau of Prisons, or on its

4

own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

United States Sentencing Guidelines § 1B1.10(a)(1) provides that a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) where "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual" listed in § 1B1.10(c). Amendment 706 is listed in § 1B1.10(c). Id. § 1B1.10(c).

Where an amendment to the guidelines has no effect on the defendant's sentencing range, there is no basis to reduce the sentence. United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996). Whether to grant a sentence reduction is a matter of discretion for the district court. See United States v. Lowe, 136 F.3d 1231, 1233 (9th Cir. 1998).

**III.  Discussion**

Defendant Thornton has filed a Motion for Reduction of Sentence pursuant to Title 18 U.S.C. § 3582(c)(2). He argues that under the Fair Sentencing Act of 2010 he is entitled to have the Court recalculate his sentence. He states that based on the new guidelines, the appropriate adjusted total offense level should be 13, which, with his criminal history category III, would make the relevant sentencing range 24-30 months. Defendant requests that the Court impose on him a sentence in the middle of that sentencing

range.

The government has consistently opposed defendant's request. As an initial matter the Court notes that Congress has not eliminated the mandatory minimum provisions and the sentence, therefore, cannot be less that 60 months.  Additionally, the government puts forth three arguments in opposition.  First, the government asserts that in his plea agreement defendant expressly waived his right to file a section 3582(c) motion.  The government also argues that section 3582(c)(2) does not apply to his sentence, as it was outside the sentencing range; and finally the government asserts that the interests of justice do not support a sentence reduction.

A.    Waiver of Collateral Attack

As an initial matter, the government contends that Thornton waived his right to move for a reduced sentence because his plea agreement contains a waiver of any right to collaterally attack his sentence.  In general, "[a] knowing and voluntary waiver of a statutory right is enforceable."  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Any waiver of Thornton's § 3582 rights could not have been knowing or voluntary.  A waiver in a plea agreement is without effect if the defendant did not understand the terms of the waiver. See Fed. Rule Crim. P. 11(b)(1)(N); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  Although Thornton's

6

**United States District Court**
For the Northern District of California

plea agreement specifically mentioned a motion under § 3582, at the time he entered into the agreement he could not have understood the potential impact of changes in the sentencing structure which had not gone into effect at the time of his waiver, and which, in his case, are quite dramatic. Nor could he have foreseen that these changes would be made retroactive.

As mentioned above, the effect of the new sentencing structure on Thornton's sentencing range for the amount of drugs involved was quite dramatic although Thornton would still sentenced to at least the mandatory five year minimum sentence.  Given that outcome it seems unlikely that Thornton would have agreed to a 96 month sentence.  Therefore, the Court finds that there was no knowing waiver in the plea agreement barring Thornton's current request.[1]

B.  <u>Does Section 3582(c)(2) apply</u>?

The government next argues that § 3582(c)(2) does not apply to his Thornton's sentence. Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a

---

[1] Because the Court finds that there was no waiver, it need not address defendant's subsequent argument that the government's stance on this issue in Thornton's case is an unconstitutional due process or equal protection violation.  However, if the facts alleged by defendant were true, namely that his is the only case in which the government has argued that the standard plea agreement language constitutes a waiver, then the Court might have had to delve more deeply into this issue.

7

**United States District Court**
For the Northern District of California

reduction is consistent with applicable policy statements issued by the Sentencing Commission.' <u>United States v. Wesson</u>, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)). In such a case, § 3582(c)(2) then gives a court the discretion to "reduce the term of imprisonment," after considering the statutory sentencing factors set out in 18 U.S.C. 3553(a).

The government argues that in this case although defendant's original sentencing range was 46-57 months, defendant and the government agreed to recommend pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c) a term of 96 months of imprisonment, which term the government argues was not "based on a sentencing range that has subsequently been lowered."

In its briefing, the government looks to <u>Freeman v. U.S.</u> 131 S.Ct. 2685,2011 for guidance. Since <u>Freeman</u>, however, the Ninth Circuit has recently issued an opinion whose analytical framework is helpful in this instance. <u>See</u> <u>U.S. v. Pleasant</u>, ____F.3d_____, 13 Cal. Daily Op. Serv. 71 (9th Cir. January 2, 2013)

In <u>Pleasant</u>, defendant was indicted for possessing, with intent to distribute, crack cocaine in violation of 21 U.S.C. § 841(a)(1). He pled guilty pursuant to a Rule 11(c)(1)(C)1 plea agreement and, in doing so, admitted that he had possessed over twelve grams of crack cocaine. The plea agreement recognized that the correct guideline calculation would qualify Pleasant for

sentencing under the Career Offender guidelines (U.S.S.G. § 4B1.1), but provided instead that he should not be sentenced as a Career Offender but that his sentence should be at the low end of the guidelines applicable to crack-cocaine offenses (U.S.S.G. § 2D1.1(c)). The district court accepted the 11(c)(1)(c) recommendation and sentenced according to the plea agreement by granting a variance from the Career Offender guidelines, and sentenced Pleasant to 77 months imprisonment.

Pleasant filed a "Notice of Eligibility" for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The government responded that the guidelines applicable to Pleasant were the Career Offender guidelines, which had not been amended, and so he was not entitled to a reduction.  The district court, relying on <u>Freeman v. United States</u>, held that Pleasant's original sentence was "based on" the crack-cocaine guidelines, and so granted Pleasant's motion.

On appeal, the Ninth Circuit reversed, analyzing Pleasant's eligibility as follows.  A defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines...." U.S.S.G. § 1B1.10(a)(1). The court held that while the "applicable to" language from the policy statement appears to mirror the "based on" language of the first prong, each prong requires a separate analysis. <u>See</u> <u>Wesson</u>, 583 F.3d at 730, 732.

To answer that inquiry, the Ninth Circuit held in <u>Pleasant</u>

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

that the Court must look to Application Note 1(A) of § 1B1.10(a)(1) which clarifies that § 3582(c)(2) "is triggered only by an amendment ... that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), **which is determined before consideration of any departure provision in the Guidelines Manual or any variance** )." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011) (emphasis added).

In <u>Pleasant</u> the Court found that the correct USSG guideline calculation before any departure or variance was a sentence pursuant to the Career Offender guidelines under Section 4B1.1. The guideline "applicable to" the sentence was 4B1.1 under that circumstance.  The court then found that § 3582(c)(2) was not triggered because the 4B1.1 guideline had not been lowered.

In this case, however, the correct guideline calculation before departure or variance was by application of USSG 2D1.1. Under that circumstance  § 3582(c)(2) **is** triggered because the sentence was "based on" 2D1.1; this was also the guideline "applicable to" the sentence; and 2D1.1 has "subsequently been lowered."

The Application Note provides an analytical framework which does not limit the consideration to downward variances or departures.  Here, as set out in the plea agreement, there was a specific guideline calculation made which utilized Thornton's

10

applicable guideline range. The parties then agreed to recommend to the Court a sentence which varied from that sentencing range, but under the Application Note, that varied sentence does not preclude Thornton's eligibility for consideration of a sentence reduction at this juncture.

At most, the factors which led the parties to reach such an agreement would go into the Court's consideration of a proper exercise of its discretion, discussed below.

C.    The Section 3553(a) Factors

Finally, while the government recognizes that the determination whether to lower the sentence rests in the discretion of the Court, the government argues that even if Thornton were eligible for a sentence reduction, this Court should not exercise its discretion to grant a reduction because "the interests of justice" do not support imposition of a lower sentence.  See generally United States v. Townsend, 98 F.3d 510, 512 (9th Cir, 1996)(decision to reduce sentence under § 3582 within discretion of district court judge).

The government contends that, under the factors set forth in 18 U.S.C. § 3553(a), the Court should decline to lower Thornton's sentence because Thornton has a "gruesome" criminal history, and because the instant offense is a serious crime.  Moreover, the government asserts that Thornton has already received a benefit in the current sentence in that he avoided the government filing his

United States District Court
For the Northern District of California

11

**United States District Court**
For the Northern District of California

prior felony drug conviction, which would have mandated a minimum ten year sentence for him.  Therefore the government asserts that there is no basis for the Court to exercise its discretion to lower his sentence.

Thornton counters that he is deserving of consideration as he has taken direct steps toward his rehabilitation.  While the amended Probation Report does not report this information, Thornton has provided the Court with evidence that he has participated in substance abuse treatment.  He asserts also that he has worked on the prison grounds and in the library and that he has also taken four other classes during his incarceration at Herlong prison.[2]

As already noted, the specifics of his criminal history were known and taken into consequence as the time of his original sentence, and the Court does not believe that the "interests of justice" preclude a sentence reduction in this case.  The Court also notes that at the time of the original sentence, the Court increased the sentence starting from a 2D1.1 sentencing range of 46 to 57 months.  That starting sentencing range has now been lowered to one of 30 to 37 months.  Under these circumstances the Court finds that the sentence imposed should be reduced consistent with the sentencing range reduction, leading to a new sentence of 78 months.

---

[2] Thornton also asserts that he has not be given adequate credit for time served but this issue is separate from the question of resentencing and is also in the sole purview of the Bureau of Prisons.

12

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motion for a reduced sentence and sentences the defendant to a term of 78 months.   The clerk will issue an amended judgment consistent with this opinion.


IT IS SO ORDERED


Dated: <u>1/17/13</u>

_____
D. Lowell Jensen
United States District Judge

1

2   Copy of Order E-Filed to Counsel of Record on 1/18/13:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

14