1

2    UNITED STATES DISTRICT COURT

3    NORTHERN DISTRICT OF CALIFORNIA

4

5    UNITED STATES OF AMERICA,                  Case No.09-cr-00745-JD-1

         Plaintiff,
6
                                                **ORDER RE STAY**
7         v.
                                                Re: Dkt. Nos. 84, 87
8    JIMMY LEE THORNTON, III,

9         Defendant.

10

11         Defendant Thornton asks to stay his voluntary surrender to the Bureau of Prisons.  Dkt.

12   Nos. 84, 87.  On remand to this Court, the Ninth Circuit reversed the sentence imposed by a prior

13   district judge with instruction to reinstate Thornton's original sentence of 96 months'

14   imprisonment.  Dkt. Nos. 46, 47.  The Court denied Thornton's motion to reduce the sentence

15   ordered by the circuit court, and set a surrender date of September 19, 2018.  Dkt. No. 80.

16         A stay is denied.  Thornton in effect requests a release from custody pending appeal.  His

17   main argument appears to be that he has raised a "substantial question" about the propriety of the

18   sentence ordered on remand that is "'likely to result in (i) reversal, (ii) an order for a new trial, (iii)

19   a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of

20   imprisonment less than the total of the time already served plus the expected duration of the appeal

21   process.'"  *United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003) (quoting 18 U.S.C.

22   § 3143(b)(1)).  A "substantial question" of law or fact is one that is "fairly debatable."  *United*

23   *States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (quotation and citation omitted).  Because

24   Thornton's conviction involved a drug offense subject to a maximum term of imprisonment of at

25   least ten years, he may be released only if "'it is clearly shown that there are exceptional reasons

26   why [his] detention would not be appropriate.'"  *Garcia*, 340 F.3d at 1015 (quoting 18 U.S.C.

27   § 3145(c)).  An "unusually strong chance that the defendant will succeed in obtaining a reversal of

28   his conviction on appeal" may qualify as an exceptional reason.  *Id.* at 1020.  The defendant bears

the burden of showing that he is entitled to a stay of detention pending appeal. *See United States v. Montoya*, 908 F.2d 450, 450-51 (9th Cir. 1990).

Thornton has not raised a substantial issue or other question about the propriety of his sentence on remand that might warrant release on appeal, let alone any exceptional circumstances. His original stay request was one paragraph long and based entirely on personal factors that do not merit a stay. Dkt. No. 84. The Court invited Thornton to develop the stay request with evidence that Congress might imminently revise the sentencing laws to reduce his original term. Dkt. No. 77. Thornton's amended stay request provided information indicating that a possible sentencing reform bill has been discussed, but nothing showing that any legislation was imminent or even likely to be passed anytime soon. Dkt. No. 87. In addition, Thornton has not specifically addressed any of the factors used to evaluate a stay request. Consequently, a stay is denied.

**IT IS SO ORDERED.**

Dated: September 11, 2018

_____
JAMES DONATO
United States District Judge